IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CIVIL CONSTRUCTION LLC<br><br>        Plaintiff,<br><br>v.<br><br>HUNT CONSTRUCTION GROUP, INC., *et al*.<br><br>        Defendants.<br> _____/ | Case No. 1:06CV01363 |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S BILL IN EQUITY**

**I.    Preliminary Statement**

Plaintiff Civil Construction LLC ("Civil"), filed its Bill in Equity against Defendants Hunt Construction Group, Inc. ("Hunt"), KMI Holdings LLC ("KMI"), and 1000 K LLC ("1000 K").  Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants respectfully request that the Court dismiss this action for failure to state a claim upon which relief may be granted.

First, Civil does not allege a cause of action against Hunt, so the Court should dismiss Civil's Complaint as against Hunt.

Second, Civil does not allege a cause of action against KMI, so the Court should dismiss Civil's Complaint as against KMI.

Third, Civil does not allege that any amount is "due" to Civil under the Subcontract. Section 40-303.08 of the D.C. code required Civil to state the amount "due" in its Bill in Equity. Since Civil did not do this, the Court should dismiss the Complaint as against 1000K.

**II.     Statement of Facts**

This case arises out of a construction project in Washington, D.C. Civil's Bill in Equity makes five "Statements in Support of Enforcement of Lien" (*See* Pl.'s Bill).

Civil's Bill in Equity alleges that it entered into a subcontract with Hunt, but does not allege a cause of action against Hunt.

Civil's Bill in Equity alleges that KMI is an agent of the owner, but does not allege a cause of action against KMI.

Civil alleges that "The outstanding and unpaid balance of the contract is $147,832.40." Civil does not allege that that amount is due and owing, as required by D.C. Code §40-303.08.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Under this standard, Civil's Bill in Equity should be dismissed.

**III.    Argument**

    **A.     Civil failed to state a claim against Hunt and KMI.**

Civil did not allege any cause of action, or otherwise state a claim against either Hunt or KMI. The Court should therefore dismiss Hunt and KMI as defendants.

Civil has failed to allege any specific cause of action, and none of the allegations in Civil's bill constitute a claim on which relief may be granted against Hunt and KMI, so the Court should dismiss Civil's Bill in Equity as a matter of law.

    **B.    Civil's Bill in Equity fails to compl with the requirements of applicable D.C. statutes.**

Again, Civil alleged in its Bill in Equity that "The outstanding and unpaid balance of the contract is $147,832.40." (Bill in Equity, ¶ 3.) Section 40-303.08 of D.C. Code states in part: "The proceeding to enforce the lien hereby shall be a bill in equity, which shall contain a brief statement of the contract on which the claim is founded, the amount due thereon . . .." D.C. Code Ann. 40-303.08. Civil never alleged that the amount of $147,832.40 was "due" or even "owing".

Accordingly, Civil's Bill in Equity fails to satisfy the plain language of the statute, and therefore fails to state a claim upon which relief can be granted. The Court should therefore dismiss Civil's Bill in Equity.

**III.    Conclusion**

For the foregoing reasons, Defendants Hunt Construction Group, Inc., KMI Holdings LLC, and 1000 K LLC respectfully request that this Court dismiss the above-captioned action.

| | |
|---|---|
| Dated: August 8, 2006 | Respectfully submitted, |
| | _____/s/_____ |
| | Michael S. McNamara, D.C. Bar # 493773 |
| | Jeffrey R. Gans, D.C. Bar # 452332 |
| | David T. Dekker, D.C. Bar # 358173 |
| | Thelen Reid & Priest LLP |
| | 701 Eighth Street, NW |
| | Washington, D.C. 20001 |
| | (202) 508-4227 (phone) |
| | (202) 654-1854 (fax) |
| | |
| | *Counsel for Hunt Construction Group, Inc.* |

        _____/s/_____
        Robert J. Symon, D.C. Bar # 436245
        Bradley Arant Rose & White, LLP
        1133 Connecticut Avenue, NW
        12th Floor
        Washington, DC 20036
        (202) 719-8294 (phone)
        (202) 719-8394 (fax)

        *Counsel for KMI Holdings LLC and 1000 K LLC*

OF COUNSEL:

José M. Pienknagura, Esq.
Hunt Construction Group, Inc.
6720 N. Scottsdale Road, Suite 300
Scottsdale, Arizona  85008
(480) 368-4740 (phone)
(480) 368-4745 (fax)

*Counsel for Hunt Construction Group, Inc.*

DC #226001 v2

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 8th day of August 2006, a true and accurate copy of the foregoing Defendants' Memorandum in Support of Their Motion to Dismiss was served via first class mail and electronic mail on the following:

>Robert A. Klimek, Esq.
>Klimek, Kolodney, & Casale, PC
>1155 15th Street, N.W., Suite 606
>Washington, DC 20005
>
>*Counsel for Civil Construction, LLC*

                                                    /s/
                                        Michael S. McNamara

DC #226001 v2